Lawrence **TOWNSEND** Plaintiff–Appellant,

v.

John J. **ARMSTRONG,** Defendant–Appellee.

Docket No. 02–0175.

United States Court of Appeals, Second Circuit.

June 5, 2003.

Lawrence Townsend, Cheshire, CT, pro se.

Perry Zinn Rowthorn, Assistant Attorney General, State of Connecticut, Hartford, CT, for Defendant—Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, and GARAUFIS, District Judge.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of June, two thousand and three.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

In November 2001, Appellant Lawrence Townsend, acting pro se, brought this § 1983 action in state court against John Armstrong, Commissioner of Correction for the State of Connecticut, alleging that Armstrong had violated his right to equal protection by providing unequal services to male and female inmates. Armstrong removed the case to federal court and moved to dismiss on the ground that Townsend had not exhausted the available administrative remedies prior to seeking judicial intervention. The district court granted Armstrong's motion, and we now affirm.

█ On appeal, Townsend argues (1) that by filing his complaint in state court he satisfied the exhaustion requirement of the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e(a), and (2) that the district court should have allowed him to amend his complaint.

The Connecticut Department of Correction has established a comprehensive

---

system for internal review of inmate grievances, which applies to any matter "[concerning t]he existence or substance of policies, rules and procedures of the unit, division, or Department," and/or "relating to access provisions, programs and services, conditions of care or supervision, and living unit conditions within the authority of the Department of Correction." Conn. Dep't of Corr. Admin. Directive 9.6. It is not disputed that Townsend has not availed himself of this administrative process. Therefore, his equal protection claims are unexhausted. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("All available remedies must ... be exhausted ....") (internal quotation marks omitted).

In the proceedings below, Townsend responded directly to the defendant's exhaustion argument. But he did not indicate to the district court–and he has not indicated to our court–what he could or would say further in an amended complaint that might save his claim from the PLRA's exhaustion strictures. Under the circumstances, we see no error in the district court's refusal to allow an amended complaint.

█ We note, however, that the district court was silent as to whether it dismissed Townsend's suit without prejudice to a possible post-exhaustion refiling. Dismissals pursuant to the PLRA for reason of exhaustion should be issued without prejudice. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir.2002) (per curiam). We affirm the court's judgment on the express understanding that the dismissal was without prejudice. Therefore, if after pursuing administrative relief, Townsend continues to believe that his equal protection rights are being violated, he may, subject to the usual statutes of limitations, instigate a new § 1983 suit.

We have assessed the plaintiff's remaining arguments and find no merit in them. Accordingly, the order of the district court is AFFIRMED, subject to our understanding that the dismissal was without prejudice to a possible post-exhaustion refiling.